## ZINK et al. v. BLACK STAR LINE, Inc. (UNITED STATES SHIPPING BOARD, Garnishee).

(Court of Appeals of District of Columbia. Submitted January 4, 1927. Decided March 7, 1927.)

No. 4529.

1. **United States ⏁52½—Judgment creditors of corporation which had defaulted in purchase of vessel from shipping board held not entitled to writ of garnishment against board, based on possible claim for refund of payments (Comp. St. §§ 8146¼aaa, 8146¼ff).**

Seamen having obtained judgment against corporation, which had contracted to purchase vessel from United States Shipping Board and defaulted in payments, *held* not entitled to writ of attachment or garnishment against Shipping Board, in view of Act June 5, 1920, §§ 5, 14 (Comp. St. §§ 8146¼aaa, 8146¼ff), and the fact that any claim of corporation against Shipping Board for refund was unliquidated and dependent on future adjustments.

**2. Garnishment ⟐105—Judgment creditors' rights against garnishee cannot be greater than those which debtor would have, in absence of garnishment.**

Rights of judgment creditors against garnishee cannot rise higher than those which judgment debtor itself would have against garnishee, in absence of garnishment.

**3. United States ⟐125(2)—Claim against Shipping Board for refund of part payment on ship sold is against the United States, not suable without legislative consent.**

Claim of purchaser of vessel from United States Shipping Board for refund of part payments after failure to complete purchase is claim against the United States, which cannot be sued on in the absence of legislative consent.

Appeal from Supreme Court of District of Columbia.

Action by Albert A. Zink and others against the Black Star Line, Inc., with the United States Shipping Board as garnishee. From an order overruling plaintiffs' demurrer to amended plea of garnishee they appeal. Affirmed, and cause remanded.

Reeves T. Strickland, of Washington, D. C., for appellants.

Peyton Gordon and Edith L. M. Archey, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is a special appeal granted for a review of an order of the lower court, overruling appellants' demurrer to an amended plea filed by the United States Shipping Board as garnishee.

The Black Star Line is a Delaware corporation, organized to engage in ocean shipping, and the appellants are seamen who were employed by it. The latter as plaintiffs recovered a judgment against the corporation for unpaid wages in the sum of $12,303.35, by consideration of the United States District Court for the Southern District of the state of New York. This judgment remains wholly unpaid. The judgment creditors then brought this case in the Supreme Court of the District of Columbia, praying a recovery against the corporation upon the preceding judgment, and praying also for a writ of attachment or garnishment upon the United States Shipping Board, because of certain money or credits alleged to be in their possession or control, due or coming to the debtor corporation. The garnishee, the United States Shipping Board, filed an amended plea, denying the right of the plaintiffs to the writ of attachment or garnishment, and

praying that it be quashed. The plaintiffs filed a demurrer to the amended plea, and the court overruled the demurrer. This special appeal was then allowed to review that ruling.

[1] It appears from the pleading in question that on or before August 2, 1921, the Black Star Line had entered into an agreement with the Shipping Board for the purchase of one of the government's ships, and on that day the sum of $12,500 was paid to the board on behalf of the corporation upon the agreed purchase price; that afterwards, to wit, on December 22, 1921, an additional sum of $10,000 was paid thereon; that the corporation then defaulted on its contract to purchase the ship, and made no further payments upon it, and the ship was never delivered. The agreed price of the ship is not specified in the pleadings, but it is fair to infer that it was in excess of these payments. It appears that the Shipping Board had incurred expenses to the amount of $875.34 in preparing the ship for delivery under the contract, and after the purchaser's default the board offered to return the amounts paid, less the expenses, to the actual subscribers to the fund from which the payments were made; but because of conflicting claims by alleged officers and agents of the corporation no such repayment was ever made. Other facts appear in the amended plea, but they do not seem to be material, for we think that the foregoing recitals show that the demurrer was rightly overruled.

[2] It is clear that the rights of the creditors of the Black Star Line against the Shipping Board as garnishee cannot rise higher than those which the Black Star Line itself would have had against the board, in the absence of the garnishment. 28 Corpus Juris, p. 44, § 46. The question therefore arises whether an action at law could have been brought against the board by the corporation for the recovery of the amounts paid upon the purchase price or any part thereof. This question must be answered in the negative.

The ship in question was the property of the United States. The Shipping Board derived its authority to sell the ship from an Act of Congress approved June 5, 1920 (41 U. S. Stat. 988). Section 5 of the act (Comp. St. § 8146¼aaa) authorizes the board to make such sales, and section 14 of the act (Comp. St. § 8146¼ff) provides that the net proceeds from such sales derived by the board after July 1, 1921, less certain items not material here, "shall be covered into the treasury of the United States as miscellaneous receipts." The sums here in question were accordingly covered into the United States Treasury and were disposed of by subsequent

appropriation acts of Congress, containing no provision for the payment of this claim.

[3] The present claim against the Shipping Board therefore, whether prosecuted by the Black Star Line or its creditors, is a claim against the United States. It cannot be sued upon without legislative consent, and no such consent appears in this case. 28 Corpus Juris, p. 64, § 80. Moreover, the present claim is an unliquidated claim, for when the Black Star Line defaulted upon its purchase the money already paid by it upon the purchase price did not revert to it ipso facto. That money had already become the property of the United States, and the amount to be returned, if any, must necessarily depend upon future adjustments.

We have examined the cases cited by appellants' counsel, but we think they do not apply to the present issue. They involve wrongful acts of government officials, whereby property was taken or held without valid authority, or are cases where money had been appropriated by Congress for a specific purpose, and only ministerial acts were needed to complete the payments. The instant case does not fall within these classes.

We are of the opinion, therefore, that the lower court was right in overruling the demurrer to the amended plea. Its decision is therefore affirmed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.